## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN PAUL MARBURGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-529-GPM |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiff John Paul Marburger is a prisoner in the custody of the Bureau of Prisons ("BOP"). According to a notice of change of address Marburger filed with the Court on May 26, 2009 (*see* Doc. 22), he is currently assigned to a County Rehabilitation Center in Tyler, Texas.[1] Marburger's pro se lawsuit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346, 2671-2680, alleges medical negligence with respect to diagnosis and treatment of a broken leg he suffered in January 2006, while assigned to FCI-Greenville, a BOP institution located in the Southern District of Illinois.

The United States has filed a motion to dismiss and/or for summary judgment (Doc. 15); the motion is supported by a memorandum and exhibits (*see* Doc. 16). The United States served the notice required by *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982) (*see* Doc. 17), and

---

[1] The brief in support of the instant motion states that Marburger has a projected release date of September 18, 2008 (*see* Doc. 16). According to the BOP's website, however, Marburger's projected release date is actually September 18, 2009. *See* www.bop.gov (accessed on July 24, 2009). Moreover, the website reflects that Marburger is assigned to CCM Houston in San Antonio, Texas. Because Marburger has not submitted another change of address (and it is his duty to do so), the Court presumes that Marburger is still in Tyler, Texas.

Marburger filed a timely response (*see* Doc. 20). On April 21, 2009, the Court scheduled a telephonic hearing on the motion for August 3, 2009. At the time, Marburger was billeted at FCI-Forrest City in Arkansas. Shortly after the hearing was set, however, Marburger filed the notice of change of address mentioned above. After reviewing the papers, the Court has determined that a hearing is not necessary.

The United States raises two points in support of its motion to dismiss. First, it argues that the complaint was not filed within six months of the mailing of the final denial of Marburger's administrative claim. Secondly, it argues that the complaint must be dismissed because Marburger has not filed the affidavit required by 735 ILCS 5/2-622. In the alternative, the United States argues that it is entitled to summary judgment because Marburger cannot demonstrate that the medical staff at Greenville deviated from the applicable standard of care.

## ANALYSIS

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences from those facts in favor of the plaintiff. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (per curiam ) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir. 2007). Notice pleading requires only that a plaintiff set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In order to provide fair notice of the grounds for his claim, Marburger must allege sufficient facts "to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1965 (2007)) (internal quotations omitted). On the other hand, however, the Court is

mindful that pro se pleadings must be liberally construed. *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996).

**1.     Timeliness**

Marburger must meet two separate requirements to timely file a claim under the FTCA. First, the claim must be presented to "the appropriate Federal agency within two years after such claim accrues." Second, the case must be "begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. §2401(b).

Here, the agency acknowledged that it received Marburger's administrative claim on November 1, 2007. (*See* Doc. 1, Ex. 3). Marburger's leg injury occurred on January 16, 2006. He has clearly met the first requirement.

The final denial of Marburger's claim was mailed on January 25, 2008; the letter was date-stamped "JAN 25 2007," but the year was obviously incorrect. (*See* Doc. 1, Ex. 4). Marburger's complaint was received by the Clerk of this Court and filed on July 25, 2008 (Doc. 1). The United States argues that this filing was one day late.

Specifically, the United States asserts that the six-month period ended on July 24, 2008. This is incorrect under *Tribue v. United States*, 826 F.2d 633 (7th Cir. 1987), a case not cited by the United States. In *Tribue*, the Seventh Circuit held that "the limitations period runs from the day after mailing to the day before the same calendar date six months later." *Tribue*, 826 F.2d at 635. This method of calculation is dictated by the fact that the period provided by the statute is "six months," which the Court understands to mean six calendar months rather than 180 days. *Tribue*, 826 F.2d at 636. Except when the notice is mailed on the last day of the month, this will generally work out

so that the period ends on the six-month anniversary of the date of mailing.[2] In *Tribue*, "the mailing date was April 30; the day after was May 1. The same calendar date six months from May 1 was November 1. The day before November 1 was October 31." *Tribue*, 826 F.2d at 635. The *Tribue* Court gave another example: if the agency mailed the notice of denial on July 23, the six-month period would end on January 23 of the next year because "The next day is July 24. The same calendar day six months from July 24 is January 24. The day before January 24 is January 23 - the six-month anniversary of the mailing date." *Tribue*, 826 F.2d at 636.

Applying the *Tribue* method of calculation to Marburger's case, because the notice was mailed on January 25, 2008, the six-month period ended on July 25, 2008. Marburger's complaint was filed on July 25, 2008. It is timely.

**2.     The Affidavit Requirement**

The United States also moves to dismiss because Marburger has not filed an affidavit of merit as required by 735 ILCS 5/2-622. That statute requires that, in any action in which a plaintiff "seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," the plaintiff must file an affidavit stating that a qualified healthcare provider has reviewed the case and has determined in a written report that the case has merit. The affidavit is to be attached to the original complaint. §2-622(a). Failure to file the required affidavit and written report is grounds for dismissal. §2-622(g).

In FTCA cases, the court applies the substantive law of the state where the tort occurred, but looks to federal law on procedural issues. 28 U.S.C. §1346(b)(1); *Murrey v. United States*, 73 F.3d

---

[2] The calculation is slightly different where the notice is mailed at or near the end of the month, and the sixth month has fewer days than the month in which the notice was mailed. *Tribue*, 826 F.2d at 636.

1448, 1456 (7th Cir. 1996). The Seventh Circuit has not directly spoken to the issue of whether the Illinois affidavit requirement is substantive law and therefore applicable in a FTCA case. The United States points out, however, that the Court has held that §2-622 applies in a diversity case, which suggests that it is substantive law. *See Sherrod v. Lingle*, 223 F.3d 605, 613-614 (7th Cir. 2000).

Marburger points out that he faces practical problems as a prison inmate in obtaining an affidavit of merit and written report. He suggests that it is "doubtful that the Bureau of Prisons will permit him to be examined by an outside physician for the purpose of obtaining the certification." (Doc. 20, p. 4). It is, of course, not necessary for Marburger to be examined by the doctor who writes the report. He has copies of the relevant medical records, as they were attached to the instant motion, and that is all he needs. While Marburger no doubt faces some practical difficulties in obtaining a report, those difficulties do not authorize the Court to waive the affidavit requirement if it is substantive law. Moreover, the Court is mindful that Marburger will soon be released from custody, and it should then be easier for him to find a physician to support his claim.[3]

"[W]hile the decision to dismiss with or without prejudice is left to the sound discretion of the court, [internal citation omitted], Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend [the] complaint to comply with section 2-622 before [the] action is dismissed with prejudice.'" *Sherrod*, 223 F.3d at 614. Because the Court finds that Marburger

---

[3] Marburger also suggests that "the malpractice is obvious." (Doc. 20, p. 4). Perhaps he is suggesting that he intends to rely on a res ipsa loquitur theory. If so, §2-622(c) still requires an affidavit and written report.

should be given an opportunity to amend his complaint, the Court will not address the alternative portion of the motion which seeks summary judgment.

## CONCLUSION

Accordingly, the motion to dismiss and/or for summary judgment (Doc. 15) is **GRANTED in part**.  The Court **DISMISSES** the complaint **without prejudice** and **GRANTS** Marburger additional time, up to and including **October 30, 2009**, to file an amended complaint that complies with 735 ILCS 5/2-622.  Failure to do so will result in the dismissal of this action with prejudice. The hearing previously scheduled on Monday, August 3, 2009, is **CANCELED**.  The Clerk of Court shall mail a copy of this Memorandum and Order to the Warden at FCI-Forrest City and to all parties of record.

**IT IS SO ORDERED.**

DATED: 7/24/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge